UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NATHANIEL ROBERTS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-00324-JPH-TAB ) |
| HOLLON, GREENWELL Deputy, | ) ) ) ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND
DIRECTING FURTHER PROCEEDINGS**

Plaintiff Nathaniel Roberts is a prisoner currently incarcerated at Pendleton Correctional Facility. He filed this civil rights action alleging that he was subjected to unsanitary prison conditions in violation of his Eighth Amendment rights while he was incarcerated at Fayette County Jail. Dkt. 1. Because Mr. Roberts is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint alleges Eighth Amendment claims against Fayette County Jail staff members: 1) Deputy Hollen and 2) Deputy Greenwell. Dkt. 1 at 1-2.

Mr. Roberts alleges that his toilet overflowed, covering his cell floor with feces in October 2022. *Id.* at 3. He then alerted Deputies Hollen and Greenwell of this issue and they came to inspect his cell. *Id.* After the inspection, they informed Mr. Roberts that he could use a plunger. *Id.* When he asked them for gloves and cleaning supplies, Hollen and Greenwell denied his requests and left his cell without addressing the overflowed toilet and feces on his cell floor. *Id.* For the next seven hours, Mr. Roberts was subjected to feces on his cell floor until maintenance arrived with cleaning supplies. *Id.* He seeks compensatory damages as result of being subjected to these conditions. *Id.* at 5.

## III. Discussion of Claims

Mr. Roberts's Eighth Amendment conditions of confinement claim **shall proceed** against Deputies Hollen and Greenwell in their individual capacities. Mr. Roberts has alleged sufficient facts to state a conditions of confinement

claim. Prison officials must "provide inmates with 'reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities.'" *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019); *see also Thomas v. Blackard*, 2 F.4th 716, 721 (7th Cir. 2021) (noting that a prisoner's exposure to human waste in cell is sufficient to establish unsanitary conditions under the Eighth Amendment). Thus, this claim **shall proceed.**

Mr. Roberts's Eighth Amendment claim includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 29, 2023,** in which to identify those claims.

The clerk is **directed** to update the spelling of Deputy Hollon's name to Hollen.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Deputy Hollen and Deputy Greenwell in the manner specified by Rule 4(d). Process shall consist of the complaint filed on February 21, 2023, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 5/1/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

NATHANIEL ROBERTS
275417
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Deputy Hollen
Fayette County Jail
123 W 4th Street
Connersville, IN 47221

Deputy Greenwell
Fayette County Jail
123 W 4th Street
Connersville, IN 47221